ACCEPTED
03-15-00285-CV
7691848
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/5/2015 8:33:42 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00285-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/5/2015 8:33:42 AM
JEFFREY D. KYLE
~~Clerk~~

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

*Appellants*

v.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND
THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

**APPELLANTS VOLKSWAGEN GROUP OF AMERICA, INC. AND
AUDI OF AMERICA, INC.'S SECOND VERIFIED MOTION FOR
TEMPORARY RELIEF TO PROTECT THE COURT'S JURISDICTION
AND BRIEF IN SUPPORT THEREOF**

In light of the Texas Department of Motor Vehicles Board's ("Board")

imminent entry of a decision based on an *ultra vires* remand of an

underlying contested administrative case at its November 13, 2015 meeting,

Appellants are compelled to file this Verified Second Motion for

DMSLIBRARY01:27448620.2

Temporary Order to Protect the Court's Jurisdiction and Brief in Support

Thereof, and show as follows:[1]

## A.   INTRODUCTION

1.   An important part of the relief sought by Audi in this appeal is

prospective injunctive relief.  Audi's request for prospective injunctive relief

to bar government employees from engaging in *ultra vires* actions and the

---

[1]   The following terms are used in this Motion:

- "**Contested Case**" refers to Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc. et. al., MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division.

- "**District Court Case**" refers to Volkswagen Group of America, Inc. and Audi of America, Inc. v. John Walker, III, et. al., Cause No. D-1-GN-15-001186, in the 201st Judicial District Court of Travis County, Texas.

- "**Board**" refers to the Texas Department of Motor Vehicles Board.

- "**SOAH**" refers to the State Office of Administrative Hearings, an independent state agency that hears evidence in Contested Cases and prepares a proposal for decision ("PFD") for the Board's consideration and final ruling.

- "**Protestant**" or "**Budget**" refers to Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin, protestant in the Contested Case.

- "**Intervenors**" refers to Ricardo M. Weitz, Hi Tech Imports North, LLC, Hi Tech Imports, South, LLC, and Hi Tech Imports, LLC, Intervenors in the Contested Case and in the District Court Case. Hi Tech Imports North, LLC, Hi Tech Imports, South, LLC, and Hi Tech Imports, LLC are also part of the group of prospective transferees of the dealerships that are the subject of the Contested Case.

- "**Chairman Walker**" refers to John Walker III, in his official capacity as the Former Chairman of the Board, a defendant in the District Court Case.

- "**ALJs**" refers to the Honorable Michael J. O'Malley and Penny A. Wilkov, Administrative Law Judges with SOAH, defendants in the District Court Case.

- "**Appellants**" include Volkswagen Group of America, Inc. and Audi of America, Inc. ("Audi"), respondents in the Contested Case and plaintiffs in the District Court Case.

- "**Appellees**" include Chairman Walker, the ALJs, and the Intervenors.

2

filing of a direct lawsuit as a means to obtain that relief is specifically authorized by the Texas Supreme Court in the *Heinrich* and *Emmett* cases. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009); *Southwestern Bell Tel., L.P. v. Emmett,* 459 S.W.3d 578, 588 (Tex. 2015).

2. As will be discussed below in detail, here, Chairman Walker and the ALJs committed, and continue to commit, multiple *ultra vires* acts in connection with the unlawful remand of the Contested Case from the Board back to the ALJs, after the ALJs had already issued a PFD finding the proposed transferees unqualified to be Audi dealers. This remand came after a principal of one of the prospective transferees made an improper *ex parte* contact with the Board and gave the ALJs an unwarranted opportunity to re-open the evidentiary record to reconsider their decision that Budget and the Intervenors were not qualified to be Audi dealers. These steps were all taken in direct contravention to the Board's and Chairman Walker's statutory authority under Chapter 2301 of the Texas Occupations Code (the "Code") and Chapter 2001 of the Texas Government Code (the "Administrative Procedure Act"),[2] and the ALJs' authority under the SOAH Rules of

---

[2] The Administrative Procedure Act states that, after a PFD is issued, the Board and its Chairman are only authorized to enter a final order on the PFD; or, in limited circumstances which do not apply here, change a SOAH finding of fact or conclusion of law, not order a

Procedure contained in the Texas Administrative Code (the "SOAH" Rules").[3] Because Chairman Walker and the ALJs' remand proceedings in the Contested Case exceed the scope of their applicable statutory authority, they constitute *ultra vires* acts.

3.    Based on those acts, Audi filed the District Court Case, and now this appeal, to obtain an injunction barring Chairman Walker and the ALJs[4] from conducting any further *ultra vires* remand proceedings in the Contested Case. Despite Audi's efforts to compel Chairman Walker and the ALJs to follow the law and to cease conducting *ultra vires* administrative remand proceedings, and despite the fact that Appellees cannot point this Court to *any* authority that specifically authorizes Chairman Walker and the ALJs' *ultra vires* actions, Chairman Walker and the ALJs rejected Audi's request for a stay of the remand, so their *ultra vires* remand of the Contested Case continues unabated to the present. In fact, during the pendency of this

---

remand. TEX. GOV'T. CODE ANN. § 2001.058(e).

[3] Similarly, SOAH Rule 155.153(a)(4), which has the same legal force as a statute, does not authorize the reopening of a record after a PFD has issued. *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Texas. 1999). CR 928-929. The rule is quite precise: an ALJ is only given the power to reopen the evidence if the ALJ "has **not** issued a dismissal, proposal for decision, or final decision." 1 TEX. ADMIN CODE ANN. § 155.153(a)(4) (emphasis added). So, once a PFD has issued, the evidence cannot be reopened.

[4]    Audi sued these individuals in their official capacities in a direct lawsuit in a Travis County district court. *See Heinrich*, 284 S.W.3d 366, 368, 373 (Tex. 2009) (holding that an action "to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars," and therefore must be brought against the state actor in his or her official capacity).

DMSLIBRARY01:27448620.2

appeal, the ALJs issued a second PFD in the Contested Case which contains their recommendations to the Board. These recommendations are based on the evidence taken in the *ultra vires* remand proceedings.

4.     The ALJs' post-remand PFD has been referred to the Board for decision and the Board has now scheduled[5] the ALJs' *ultra vires* remand PFD for consideration at its upcoming November 13, 2015 meeting. *See* Verification of Mark E. Smith and exhibits thereto. The Board's staff has drafted a final order based on the *ultra vires* PFD, which it plans to present to the Board for approval and entry at the November 13th meeting. *Id.*

---

[5]     Any decision made at the November 13 hearing is subject to a motion for rehearing. TEX. GOV'T CODE ANN. §§ 2001.144, 2001.146. However, the Board's actions, including Chairman Walker's statements, show that such a motion is likely to be futile. *See, e.g.,* Verification of Mark E. Smith and exhibits thereto. Futility is an exception to the exhaustion of remedies requirement. *See, e.g., Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780-81 (Tex. App.—2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006). Futility exists here because Appellees were repeatedly made aware of Audi's position on this legal question, yet they resolutely carried out the remand process over Audi's objections. *See, e.g.,* CR 928-929; 1486; 854-1867. In fact, based on Chairman Walker's order, the ALJs reopened the evidence in the remanded Contested Case, held hearings in that matter, used an expedited schedule for hearings, and issued a post-remand PFD. *See, e.g.,* CR 133, 506-526; 152-153; 169, 928-29; Ritsema Affidavit submitted with prior Motion for Temporary Relief. The issuance of the post-remand PFD telegraphs the fact that the Board's final order, which will be based on it, is a foregone conclusion. Further evidence of this fact is that the Board's staff has proposed an order that is based on the post-remand PFD. *See* Verification and Exhibits thereto. Thus, Chairman Walker and the ALJs continue to hold firmly to their legal position and have "unequivocally demonstrated their intent not to comply" with the Code and the SOAH Rules. *Emmett*, 459 S.W.3d at 588. As such, there is no point in forcing the parties to undergo an administrative remand process before allowing Audi to challenge the *ultra vires* nature of that process. *See, e.g., id.*

5

5.      Unless this Court acts to enjoin the Board[6] from considering and issuing a final order on the ALJs' *ultra vires* PFD during the November 13th meeting, the Court will lose its power to grant Audi the prospective injunctive relief needed to stop the *ultra vires* remand proceedings that it seeks in this appeal because the remand actions will be *fait accompli* before this Court ever considers the merits of this appeal. This Court will not have a chance to hear the merits of this appeal prior to the Board's November 13, 2015 meeting since the Court has not yet set this case for oral argument.

6.      For these reasons and the reasons set out more fully below, the Court should exercise its power to issue a writ of injunction or prohibition. Such relief is needed to protect the Court's subject matter jurisdiction and to prohibit an inferior tribunal's unlawful interference with the enforcement of

---

[6] The Board may be enjoined even though it is not a party to this appeal or the District Court Case because by considering and voting on the *ultra vires* PFD to conclude the *ultra vires* remand proceedings in the Contested Case, the Board will be acting in concert with Chairman Walker and the ALJs to deprive this Court of jurisdiction over the present appeal. *See* TEX. R. CIV. P. 683 (providing that a court has power to enjoin not only the parties to the lawsuit, but all non-parties "in active concert or participation with [the parties]" so long as the non-parties "receive actual notice of the order by personal service or otherwise"); *Ex parte Davis*, 470 S.W.2d 647, 649 (Tex. 1971) (citing *Regal Knitwear Co. v. Board*, 324 U.S. 9, 14 (1944)) ("[T]he inclusion of those in 'active concert or participation with them' is so that 'defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.' If a non-party does an act prohibited by the injunction he must be in active concert or participation with the named party in order to be in contempt for violation of the injunction.").

DMSLIBRARY01:27448620.2

this Court's orders and judgments.[7] Specifically, this Court should enjoin the consideration of the ALJs' post-remand PFD at the November 13, 2015 Board hearing (or at any other hearing or meeting) and enjoin the entry of a final order until this Court issues a final ruling on the merits of this appeal.

## B.   BACKGROUND

7.     This case has a complex procedural history which is detailed below.  This appeal stems from a direct lawsuit Audi filed in the 201st Judicial District Court of Travis County (the District Court Case) to stop Chairman Walker and the ALJs from conducting *ultra vires* proceedings in an administrative Contested Case pending before SOAH and the Texas Department of Motor Vehicles, Motor Vehicle Division (the Contested Case).  CR 117-148 and exhibits thereto.  The Contested Case began when Budget filed a protest action with the Board over the manufacturer's rejection of Budget's proposed transfer of two Audi dealerships to a large group of unqualified prospective transferees.  Some of the prospective transferees (Hi Tech Imports North, LLC, Hi Tech Imports South, LLC and

---

[7]     *Holloway v. Fifth Court of Appeals,* 767 S.W.3d 680, 682-3 (Tex. 1989) (orig. proceeding); *see, In re Lewis,* 223 S.W.3d at 761; *McClelland v. Partida,* 818 S.W.2d 453 (Tex. App.-Corpus Christi 1991) ( orig. proceeding).

Hi Tech Imports, LLC), along with Ricardo M. Weitz, intervened in the Contested Case (the Intervenors). CR 367-369.

8. The Intervenors did not have standing to intervene in the underlying Contested Case because none of them were an existing Audi dealer. Under Chapter 2301 of the Code, *proposed* transferees do not have standing to protest a manufacturer's denial of a transfer—*only the existing dealer* has standing to protest a manufacturer's refusal to approve a proposed transfer of a dealership. TEX. OCC. CODE § 2301.360(a) ("A dealer whose application is rejected under Section 2301.359 may file a protest with the board."); *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 206 (Tex. 2002) ("The Code's definition of 'dealer' includes licensed dealers but not prospective transferees").

9. In addition to the Intervenors' lack of standing to intervene in the Contested Case, Audi complained that Budget and the Intervenors did not satisfy the statutory requirements for establishing the Board's subject matter jurisdiction over the attempted protest/Contested Case because they had not provided to Audi a "written agreement to comply with the franchise" for each prospective transferee, as is required by Section 2301.359 of the Code.

DMSLIBRARY01:27448620.2

10.     Nevertheless, SOAH, on referral from the Board, opted to allow the Contested Case to proceed forward.  The trial on the merits before the two SOAH ALJs lasted nine days.  Nineteen witnesses testified at the trial and almost 300 exhibits were introduced. CR 138-39; 399-502.

11.     After the trial, the SOAH ALJs issued a PFD in which they agreed with many of Audi's concerns about the proposed transfer, ultimately recommending that the Board issue a final decision finding the prospective transferees unqualified.  CR 399-502; 485-86.  The ALJs also stated in the PFD that the prospective transferees would be qualified if they met certain conditions.  CR 399-502; 485-86.

12.     Even after the case was tried to the ALJs and they issued their PFD, there still was no evidence to satisfy all of the Section 2301.359 jurisdictional requirements.  CR 139; 183-84; 503-05.  Specifically, there was no evidence that any of the proposed transferees had agreed in writing to comply with the franchise agreement governing the relationship between the manufacturer and a dealer[8].  Consequently, the Board's staff

---

[8]     In fact, Budget and the Intervenors never introduced evidence of compliance with Section 2301.359 during the nine-day trial of the Contested Case because no such evidence existed. *See, e.g.,* CR 123-125; 138-139; 163-167; 179-180. Instead, the ALJs closed the evidentiary record on May 28, 2014, and, at the time the record was closed, no evidence had been submitted showing that Intervenors met the prerequisites of Code Section 2301.359.  The first

9

recommended, and the Board correctly entered, a Final Order on September 12, 2014 dismissing the protest for want of jurisdiction. CR 183-84; 503-505.

13. After the Contested Case was dismissed, Budget and the Intervenors filed a motion for rehearing, which the Board, after receiving an improper *ex parte* communication from one of the prospective transferees' principals, granted. CR 154-170, 1940-41. Chairman Walker then ordered that the case be remanded to the ALJs for the reopening of evidence and reconsideration of their conclusion that prospective transferees were not qualified to be Audi dealers. CR 168-69.

14. But Chairman Walker did not have the power to remand the Contested Case to the ALJs because the Board lacked jurisdiction over the protest, the Intervenors did not have standing to assert the protest, and Chairman Walker was not given the authority by the legislature to order

---

time that supposed evidence was offered that Budget and the prospective transferees had met the prerequisites of Code Section 2301.359 was on October 15, 2014, when Budget and the Intervenors filed their untimely and improper reply in support of their motion for rehearing, almost five months after the record was closed, almost three months after the ALJs issued their PFD, and more than a month after the Contested Case had been dismissed. CR 1447. This supposed evidence consisted of a letter, in which only Weitz purported to agree to comply with the franchise agreement. CR 330, CR 1447. As a result, this letter did not even cure the jurisdictional problem for the large group of prospective transferees. Moreover, the letter was also ineffective to cure the jurisdictional problem because it was created *after* Audi rejected the proposed transfer. CR 1447.

10

the remand[9] after the ALJs had issued their original PFD. CR 152-53; 169; 928-29. Likewise, the legislature did not give the ALJs the power to conduct a remand or to reopen evidence after previously issuing a PFD.[10] Nevertheless, Chairman Walker remanded the Contested Case on an expedited basis to the ALJs and the ALJs scheduled, and heard, the remand on an expedited basis, reopening the evidentiary record in the process. CR 28; 133; 152-53; 169; 506-526; 928-29.

15. Based on Chairman Walker's remand order and the ALJs' reopening of the Contested Case record in the remand, Audi filed the District Court Case, in which Intervenors again intervened, to prevent, among other things, *the ultra vires*: 1) remand of the protest action/Contested Case; 2) reopening of evidence after issuance of the PFD;

---

[9]    Appellees do not have inherent powers. Instead, as state agency actors, they only have the powers specifically given to them by the legislature. *See e.g.*, *Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.). Chairman Walker was not authorized to issue a remand because remand is not a power listed in § 2001.058(e) of the Administrative Procedure Act. Further, the remand order materially differs from a board member's motion. CR 7-8, 1898, 1905-06, 1908. Moreover, the remand was designed to consider new "evidence" that was not timely filed despite the fact that the Code only permits the board members and ALJs to consider "materials that are submitted timely." TEX. OCC. CODE ANN. § 2301.709(a); 2301.154. This "evidence" was not presented for the Board's consideration until October 15, 2014 despite the fact that the evidence had closed on May 28, 2014, the ALJs issued a PFD on July 16, 2014 and the Board issued a Final Order on September 12, 2014. CR 502, 505. In fact, this "evidence" was not even mentioned in Budget's Motion for Rehearing. *See, e.g.*, CR 139.

[10]    The ALJs operated outside their authority because SOAH Rule 155.153 only allows an ALJ to reopen evidence "if the judge has not issued a dismissal, proposal for decision, or final decision." Here, the remand attempts to reopen evidence long after the ALJs issued a PFD. *See, e.g.*, CR 140.

DMSLIBRARY01:27448620.2

3) issuance of a new PFD by the ALJs; 4) consideration of the post-remand PFD by the Board; and, 5) issuance of a new final decision. The last two of the events enumerated above are now set to occur on November 13, 2015.

16. Audi properly filed the District Court Case to prevent these things from occurring. In fact, the Supreme Court has specifically approved of the use of a district court lawsuit for assessing whether individual state actors exceeded their statutory powers in an underlying administrative proceeding because *ultra vires* actions create an exception to the exhaustion of remedies doctrine. *See, e.g., Heinrich*, 284 S.W.3d at 369.

17. The Texas Supreme Court has repeatedly held that a trial court is permitted to intervene in a Contested Case pending before an agency, regardless of whether a party has exhausted its administrative remedies, where, as here, a state agency official acts beyond his or her statutorily conferred powers. *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 683, 685 (Tex. 1983); *Westheimer Indep. Sch. Dist. v. Brockete*, 567 S.W.2d 780, 785 (Tex. 1978); *Yamaha Motor Corp. v. Motor Vehicle Division*, 860 S.W.2d 223, 229 (Tex. App.—Austin 1993, writ denied); *Appraisal Review Board of Harris County Appraisal District v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing cases).

12

18. In *ultra vires* cases, the rationale behind the exhaustion of remedies rule is not applicable, judicial and administrative efficacy are not served by requiring exhaustion, and agency policies and expertise are irrelevant if the agency's final action will be a nullity. *See City of Houston v. Williams*, 99 S.W.3d 709, 717 (Tex. App.—Houston [14th Dist.] 2003, no pet; *Mag-T, L.P.*, 161 S.W.3d at 625.

19. Despite this body of case law, Defendants/Appellees (Chairman Walker, the ALJs, and the Intervenors) filed pleas to the jurisdiction in the District Court Case in which they argued that governmental immunity from suit and the exhaustion of remedies doctrines prevented Audi from filing the District Court Case to halt and prevent the *ultra vires* remand in the Contested Case. CR 821-843.

20. The 201st Judicial District Court erroneously dismissed the District Court Case, thereby allowing the *ultra vires* remand of the Contested Case to go forward in the administrative setting. CR 2030-31.

21. Audi then filed this appeal from the dismissal of the District Court Case and sought temporary relief to prevent Chairman Walker and the ALJs from conducting further remand proceedings. This Court denied Audi's original request for temporary relief without explanation.

13

22. Since that time, the ALJs issued the second PFD, which, as discussed in the introduction, is the product of the improper remand process. The Board has scheduled consideration of that second PFD on November 13, 2015 and the Board's staff has proposed that the Board enter a final decision based on that PFD at the end of the hearing. *See* Verification and exhibits thereto. Thus, Audi is now compelled to renew its request for emergency relief, since this is the final opportunity for this Court to give Audi meaningful prospective injunctive relief. *See* Verification and exhibits thereto.

23. This Court will not have the chance to hear the merits of this appeal prior to the Board's November 13, 2015 meeting—given that the Court has not yet set this case for oral argument—so it should issue a stay, injunction, or writ of prohibition preventing consideration of the ALJs' post-remand PFD at the November 13, 2015 Board hearing (or at any other hearing or meeting) and preventing entry of a final order until this Court issues a final ruling on the merits of this appeal.

24. An analysis of the substance of this appeal is necessary to determine the fundamental appellate jurisdictional issue of whether Chairman Walker and the ALJs' *ultra vires* actions established an exception

DMSLIBRARY01:27448620.2

to the exhaustion of remedies and governmental immunity doctrines which permitted Audi to file the district court case and permits this Court to hear the appeal from it now. The Texas Supreme Court wrote in *Heinrich*, consideration of the merits is required in these types of *ultra vires* cases in order to determine whether an exception to exhaustion of remedies/governmental immunity applies.[11] *See, e.g., Heinrich*, 284 S.W.3d at 369.

25. Consequently, this Court must reach the substance of this appeal, dealing with the requirements of the Code and its interplay with the Administrative Procedure Act and the Government Code, to be able to determine whether Chairman Walker and the ALJs' actions were *ultra vires* acts that constitute an exception to immunity from suit and provide jurisdiction for this case. *Southwestern Bell*, 2015 WL 1285326 at *3; *See e.g.*,

---

[11] It is important to note that Appellee/ALJ O'Malley originally agreed with Audi's procedural approach by actually suggesting that Audi pursue declaratory relief in a district court:

> JUDGE O'MALLEY: . . . You know that if you really want something to stop, then you have a - - you can go to district court and get a stay. And if you - - we have had that happen before where we've had a remand or a case and, for whatever reason, a party believes that we don't have authority to move forward, then they get a stay in district court. And, of course, then we are stayed . . . . So I think that would be your best option if you truly believed they lacked authority or we need to stop in our tracks, if we got some sort of district court stay order, then that would be the process we would work with.

CR 77-78. Ironically, it was only after Audi followed his suggestion that O'Malley and the other Appellees began to claim that the district court did not have jurisdiction over this declaratory judgment lawsuit.

15

*Texas Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (state official who acts outside his statutory authority commits *ultra vires* act that is an exception to governmental immunity and to the exhaustion of administrative remedies doctrines). Therefore, this Court should issue interim relief to allow it to reach these issues before the prospective injunctive relief requested by Audi in this appeal becomes moot.

## C.     ARGUMENT AND AUTHORITIES

**1.     This Court has the Power to Issue a Temporary Order to Protect its Jurisdiction to Render a Decision or Provide Requested Relief on Appeal.**

26.     This Court has the power to issue a temporary order (halting Chairman Walker and the ALJs—and any person acting in concert with them—from conducting further remand proceedings and from issuing a final decision or other ruling based on the post-remand PFD) to protect its jurisdiction and to prevent the prospective injunctive relief which Audi seeks in this appeal from becoming moot.

27.     Specifically, this Court has the power to issue a writ of injunction or prohibition to protect its subject matter jurisdiction or to prohibit an inferior tribunal's unlawful interference with the enforcement of its orders and judgments. *Holloway v. Fifth Court of Appeals,* 767 S.W.3d

16

680, 682-3 (Tex. 1989) (orig. proceeding); *see, In re Lewis,* 223 S.W.3d at 761; *McClelland v. Partida,* 818 S.W.2d 453 (Tex. App.—Corpus Christi 1991) (orig. proceeding).

28.     This Court uses injunctive relief to prevent administrative bodies from destroying its appellate jurisdiction in appeals dealing with administrative matters.  *See, e.g., Mote Resources, Inc. v. Railroad Commission of Texas,* 618 S.W.2d 877, 879 (injunction issued by Third Court of Appeals against the Railroad Commission to preserve natural gas production, the subject matter of the dispute).

29.     Injunctive relief is needed to preserve the Court's ability to rule on the merits of this appeal and to protect Audi's rights.   If the post-remand PFD is considered in the Board's November 13, 2015 meeting and the proposed order is signed in that meeting, as is currently scheduled, the Court's ability to enjoin those unauthorized remand proceedings will be lost forever.

**2.     The Relief Sought by Audi in this Appeal is not Redundant of the Relief Available in an Appeal from a Final Decision in the Contested Case.**

30.     Appellees previously and erroneously argued that the relief Audi now seeks is redundant of the relief available in an appeal from a

DMSLIBRARY01:27448620.2

final decision in the Contested Case. *See, e.g.*, O'Malley and Wilkov brief p. 9-11. But Appellees' argument is not accurate. In reality, Audi seeks, consistent with *Heinrich* and *Emmett*, to: 1) obtain a decision that the improper remand process exceeds Appellees' authority and, 2) halt the *ultra vires* remand process (to stop the harm to Audi's rights and prevent the unnecessary waste of time and expense related to it) before a final decision, resulting from the *ultra vires* remand process, is entered. By its very nature, this type of prospective injunctive relief will not be available in an appeal after a final agency decision—the *ultra vires* acts will be *fait accompli*.

31. Appellees' argument is identical to the argument rejected by the Texas Supreme Court last summer in the *Patel* case. *Patel v. Texas Department of Licensing and Regulation*, 2015 WL 3982687, at **6-7 (Tex. 2015). There, the Texas Supreme Court held that neither sovereign immunity nor the redundant remedies doctrine barred the separate suit for declaratory relief filed by a group of commercial eyebrow threaders against the Department of Licensing and Regulation. There, the threaders sought a declaration that the cosmetology licensing scheme violated their constitutional rights. 2015 WL 3982687 at **6-7. The State sought to dismiss

18

the threaders' claims by arguing that their declaratory judgment action was redundant of other available remedies such as a direct appeal from a final agency order in the underlying administrative case.

32. The Texas Supreme Court rejected the State's argument because an appeal from an administrative finding is limited to reversing the final order issued by the agency and therefore does not provide the declaratory or prospective injunctive relief that is available through a declaratory judgment action. *Id.* at *7. As a result, the Court held that the threaders' district court claims were not redundant of an appeal from an administrative decision. *Id.*

33. Likewise, here, Audi seeks a ruling that Chairman Walker and the ALJs' remand procedure exceeds their authority, a ruling that any final decision resulting from the remand is *ultra vires*, and an injunction preventing the unauthorized remand process from reaching a conclusion. This relief cannot be granted effectively after the administrative process is complete. Therefore, Audi's lawsuit to stop the unlawful remand process and to prevent an improper final decision that is tainted by that process is properly asserted in this action. *Id*.

19

**3. An Appeal from the Contested Case Cannot Provide Audi with Complete Relief.**

34.    Moreover, the exhaustion of remedies doctrine does not apply when the administrative process would cause or permit harm to the plaintiff that the administrative process itself cannot remedy. *Hous. Fed'n of Teachers, Local 2415 v. Hous. Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex. 1987). As the Texas Supreme Court has explained, irreparable harm will be suffered and, if the agency is unable to provide relief, the courts may properly exercise their jurisdiction in order to provide an adequate remedy. *Id.* at 646.

35.    In *Houston Fed'n of Teachers*, the Supreme Court held that a group of teachers were not required to exhaust their administrative remedies in order to challenge the school district's lengthening of their workday because implementation of the new workday would create "immediate and irreparable harm" that would "affect their child care arrangements, transportation arrangements, and second jobs, while pursuing an administrative remedy." *Id.* at 645-46. And, because the administrative process itself could not provide any remedy for that harm,

the trial court was not barred by the exhaustion doctrine from adjudicating the dispute. *Id*. at 646.

36. Likewise, here, once the *ultra vires* remand reaches its conclusion, no appeal from the Contested Case can remedy the fact that an improper administrative proceeding has taken place. No court can compensate Audi for the loss of its rights caused by having to participate in an improper administrative remand proceeding or for the loss of time devoted to that participation. Audi's right to be free from an *ultra vires* process cannot be retrieved. Thus, the relief sought in this lawsuit is not redundant of relief available after exhaustion of administrative remedies.

**4. Audi Does Not Seek an Interlocutory Review of Chairman Walker and the ALJs' Mere Mistakes in the Exercise of their Discretion.**

37. To be clear, Audi is not seeking interlocutory review of an agency's mere mistake in the exercise of its discretion. Instead, in this unique and rare situation, Audi brought a separate lawsuit seeking to prevent Chairman Walker and the ALJs from exceeding and continuing to exceed their statutory authority by conducting the improper remand. The acts taken by Chairman Walker and the ALJs in furtherance of the

21

improper remand[12] are *ultra vires* and unequivocally demonstrate an intent not to comply with the law. Their acts show an intentional disregard for the fact that issuance of the ALJs' original PFD cut off Chairman Walker's and the ALJs' abilities to remand the Contested Case or reopen evidence in that remand, since the Code, the APA, and the SOAH Rules fail to give Chairman Walker and the ALJs the power to remand/reopen the record in a Contested Case after a PFD has been issued.[13]

38. The Government Code states that, after a PFD is issued, the Board is only authorized to enter a final order on the PFD; or, in limited circumstances which do not apply here,[14] change a SOAH finding of fact or

---

[12] In *Emmett*, the Supreme Court held that the commissioners' actions "unequivocally demonstrated their intent not to comply with the statute," so AT&T's "only viable option for enforcement [of the statute]…was to bring suit seeking a declaratory judgment and prospective relief as to the [Flood Control] District.)" 459 S.W.3d at 588.

[13] Due to space limitations, Audi collectively refers to Chairman Walker and the ALJs' errors, all of which relate to their ordering and conducting the remand/reopening of evidence. Chairman Walker's Remand Order is also an *ultra vires* act because it:

- considered and ordered the ALJs to consider various untimely materials offered at the *ultra vires* remand hearing, despite the fact that the Code states: "the board or a person delegated power from the board under Section 2301.154 may consider only materials that are submitted timely." TEX. OCC. CODE ANN. § 2301.709(a) (West 2014) (emphasis added); RR 165-167; CR 928-929; CR 1447.
- violates the rule which prohibits the Board from attempting to influence the neutral ALJs through the use of untimely and improper evidence. TEX. GOV'T CODE ANN. § 2001.058(e); CR 928-29.
- violates Section 2301.709(c) of the Code which provides that "[a] majority vote of a quorum of the board is required to adopt a final decision or order of the board" because the Remand Order materially differs from the unanimous vote of the Board by including matters that were not in the motion. TEX. OCC. CODE ANN. § 2301.709(c) (West 2014) (emphasis added); compare CR 928-929 to 159; 1908.

[14] A change or modification to a PFD or order can occur only if the agency determines in

22

DMSLIBRARY01:27448620.2

conclusion of law, not order a remand. TEX. GOV'T. CODE ANN. § 2001.058(e).

39.     Similarly, SOAH Rule 155.153(a)(4), which has the same legal force as a statute, does not authorize the reopening of a record after a PFD has issued.[15] *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Texas. 1999).  CR 928-929.  The rule is quite precise: an ALJ is only given the power to reopen the evidence if the ALJ "has *not* issued a dismissal, proposal for decision, or final decision".  1 TEX. ADMIN CODE ANN. § 155.153(a)(4) (emphasis added).  So, once a PFD has issued, the evidence cannot be reopened.

40.     Another fact that completely undermines the current position of the ALJs is that SOAH agrees with Audi's interpretation of Rule 155.153,

---

writing:
(1)     that the ALJ did not properly apply or interpret applicable law, agency rules, written policies provided, or prior administrative decisions;
(2)     that a prior administrative decision on which the ALJ relied is incorrect or should be changed; or
(3)     that a technical error in a finding of fact should be changed.
TEX. GOV'T. CODE ANN. § 2001.058(e). Here, the Board did not make a determination that any of these three specified reasons for changing the ALJs' findings and conclusions existed. CR 928-929.
[15]     (a)     Judge's authority and duties. The judge shall have the authority and duty to:(4) reopen the record when justice requires, if the judge has not issued a dismissal, proposal for decision, or final decision.
1 Tex. Admin. Code Ann. § 155.153(a)(4).

DMSLIBRARY01:27448620.2

not the ALJs'.[16]  In fact, SOAH wrote in the Texas Register that evidence in a Contested Case can only be reopened if a PFD has not previously issued. CR 1468, 1470.

41.    As SOAH employees, the ALJs should not now be allowed to take a position that is inconsistent with SOAH's official interpretation of this rule.

42.    As the foregoing arguments and authorities prove, in ordering and conducting the remand, Chairman Walker and the ALJs were not exercising their discretion—in fact, they had none to exercise regarding the next procedural step in the Contested Case—entry of a final order by the Board.  Instead, they intentionally exceeded their authority by ordering and conducting the remand/reopening of evidence after the original PFD had been issued over Audi's objections.  *See, e. g., Emmett*, 459 S.W.3d at 588.  Chairman Walker and the ALJs continue to exceed their authority by continuing the remand process, issuing the post-remand PFD, and by placing this matter on the November 13, 2015 agenda for issuance of a final order.

---

[16]    SOAH Rule 155.153 was previously numbered Rule 155.15. The prohibition on reopening the evidence in an administrative matter after a PFD has been issued remains intact in the current version of the Rule. *Compare* CR 1471 with 1 TEX. ADMIN. CODE ANN. §155.153(a)(4).

DMSLIBRARY01:27448620.2

43.     Chairman Walker and the ALJs' acts are very similar to the commissioner's anticipatory refusal to comply with the statute at issue in the *Emmett* case, which the Texas Supreme Court held to be *ultra vires* acts warranting declaratory and injunctive relief and acts that established an exception to the exhaustion/immunity rules.  *Emmett*, 459 S.W.3d at 588; *see Heinrich*, 284 S.W.3d at 378.

44.     Appellees' interpretation of Rule 153.153 would effectively give Chairman Walker and the ALJs a new power—the power to remand/reopen evidence after a PFD has issued—that was not conferred on them by the legislature.  *See e.g., Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.) ("agencies are creatures of statute and have no inherent authority," therefore, agencies can "exercise only those powers conferred upon them by law in clear and express language, and no additional authority will be implied by judicial construction."). Only the legislature can create powers for agencies and agency actors.  *Pub. Util. Comm'n v. City Pub. Serv. Bd. Of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001); *see Texas Farm Bureau*, 460 S.W.3d at 272.

45.     Had the legislature intended to give Chairman Walker and the ALJs the power to order or conduct a remand after the issuance of a PFD in

DMSLIBRARY01:27448620.2

these types of disputes, it would have granted the Board that specific power, as it has done with a limited number of other agencies such as the Texas Commission on Environmental Quality and the Public Utility Commission. 30 Tex. Admin. Code Ann. § 80.265; 16 Tex. Admin. Code Ann. § 22.262 (c).

46. Appellees cite no authority specifically granting Chairman Walker or the ALJs that power. In fact, Chairman Walker admits that there is "no specific statute [which] specifically authorizes the Board to issue a remand order such as the one in question." Walker brief p. 5.

47. Consistent with that admission, Appellees do not cite a single case directly assessing Rule 155.153 in support of their argument that a remand is allowed after a PFD has been issued[17]. *See, e.g.,* O'Malley & Wilkov Brief p. 5; Walker brief p. 9-10; Intervenor brief p. 32-34. Nor do they cite a single case in which a remand was authorized after a PFD issued

---

[17] While it is true that *some* administrative cases can be remanded to an ALJ, that remand can only occur where agencies have been given statutory authority to remand a Contested Case back to SOAH. *See Ron Beal, From Proposal for Decision to Final Decision: What Happens in Between?*, 15 TEX. TECH ADMIN. L.J. 288, 132-141 (2006); Tex. Gov't Code Ann. § 2003.047(m) (remand legislatively granted for cases heard by the Natural Resources Conservation Division of SOAH); 30 TEX. ADMIN. CODE ANN. § 80.265) (remand specifically granted for TCEQ cases); 16 Tex. Admin. Code Ann. § 22.262(c)(remand power granted for PUC cases); 1 Tex. Admin. Code Ann. § 155.3 (SOAH's procedural rules also recognize the unique authority of the PUC and TCEQ to remand Contested Cases and provide that PUC and TCEQ rules control these situations).

DMSLIBRARY01:27448620.2

in a Contested Case before the Texas Department of Motor Vehicles Motor Vehicle Division. See, e.g., O'Malley & Wilkov Brief p. 5; Walker brief p. 9-10; Appellee/Intervenor brief p. 32-34.

48. Absent a legislative grant, Chairman Walker and the ALJs do not have remand power after a PFD has issued. *See Pub. Util. Comm'n v. City Pub. Serv. Bd. Of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001); *Texas Farm Bureau*, 460 S.W.3d at 272. Therefore, Chairman Walker and the ALJs were bound by Section 2001.058(c) of the APA and SOAH Rule 155.153 which do not authorize remand/reopening of evidence after a PFD has been issued.

**5. Audi's Process Rights Are At Issue and Require Protection.**

49. It is important to remember that Chairman Walker and the ALJs departed from their regular Contested Case procedures *after* a witness,[18] who is also a principal for one of the prospective transferees in the Contested Case, made *ex parte* contact with the Board about the

---

[18] More specifically, after invoking the name (redacted) of a friend of the Robertson family, Robertson then addresses the rehearing of the Contested Case and asks the Board's Vice-Chair to consider those factors when voting on his groups' motion for rehearing:

I am not sure you were aware of this connection at the last [Board] meeting you attended and I would appreciate that you take this relationship into consideration as you think about how you are voting should we be successful in getting a rehearing which I understand will be up for a vote soon.

CR 1941.

27

Contested Case. CR 1940-1941. At best, this contact, coupled with the resulting highly unique remand process (designed to give the ALJs the opportunity to reconsider their finding that the proposed transferees were not qualified), gives the appearance of impropriety and brings into doubt the fairness of the administrative adjudication. SOAH was put in place to prevent these types of machinations and to guarantee neutral, independent fact finders in contested administrative hearings. *Mid-South Pavers*, 246 S.W.3d at 723; 15 TEX. TECH ADMIN. L.J. at 127-33; 2 *Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise* § 9.8 at 67 (3d ed. 1994).

50. For example, in *Mid-South Pavers*, the Supreme Court held that agencies, like the Motor Vehicle Board, must respect the due process rights of those who appear before it in Contested Cases. *Id* at 722. In fact, a "neutral decision maker is crucial" to a fair administrative hearing. *Id* at 723. SOAH was created to make ALJs independent from agency political pressure and Code § 2001.058(d) was designed to prevent fact-finders from "cutting the cloth to fit the pattern in order to please agency heads." *Pete Schenkkan, Texas Administrative Law: Trials, Triumphs and New Challenges*, 7 Tex. Tech Admin. L.J. 288, 323 (2006). This is precisely the reason the

28

legislature failed to give the Board and the ALJs remand power/reopen the evidentiary record after a PFD has issued.

51. Thus, where, as here, an agency actor makes a major departure from the statutes and rules governing the Contested Case process and "cuts the cloth to fit the pattern," it undermines this neutral SOAH structure, and, at the very least, casts a shadow over the perceived fairness of the proceeding. *Id.*; *see Montgomery I.S.D. v. Davis*, 34 S.W.3d 559, 564 (Tex. 2000). The Supreme Court has held that "[a]n independent fact finder is integral to the structure of the hearing-examiner process." *Mid-South Pavers*, 246 S.W.3d at 723 (citing *Montgomery I.S.D. v. Davis*, 34 S.W.3d at 564).

52. At a minimum, Chairman Walker and the ALJs' actions look suspicious. Further, their disregard of the rules and usual procedures, especially after the *ex parte* contact, impacts the due process rights of Audi.

## D.    CONCLUSION AND REQUEST FOR RELIEF

53. For the reasons stated above, the temporary emergency relief Audi seeks is needed to protect this Court's jurisdiction over this appeal, to prevent the injunctive relief sought in this appeal from becoming moot, and to protect Audi's due process rights. TEX. GOV'T CODE ANN. §

29

22.221(a); *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd) (court of appeals enjoined writ of execution to prevent Appellees from being ousted from their home before court could determine the appeal); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding) ("A court of appeals may issue such a writ to prevent an appeal from becoming moot"); *Emmy Edwards, Ancillary Powers of the Courts of Appeals*, 10 App. Advocate 8, 9-10 (1997).

WHEREFORE, premises considered, Appellants Volkswagen Group of America, Inc. and Audi of America, Inc. respectfully request that this Court grant temporary relief preventing Appellees, and those in active concert or participation with them, from conducting further remand proceedings in the Contested Case and from issuing, signing or entering new rulings or final order based on the remand or the resulting PFD until this Court rules on the merits of Audi's appeal. Audi also requests such other and further relief, both general and specific, at law and in equity, to which it may be entitled.

DMSLIBRARY01:27448620.2

Respectfully submitted,

**KING & SPALDING LLP**


By: /s/ S. Shawn Stephens
S. Shawn Stephens
Texas Bar No. 19160060
sstephens@kslaw.com
James P. Sullivan
Texas Bar No. 24070702
jsullivan@kslaw.com
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

*Attorneys for Appellants*
*Volkswagen Group of America,*
*Inc. and Audi of America, Inc.*

31

DMSLIBRARY01:27448620.2

## CERTIFICATE OF CONFERENCE

As required by TEX. R. APP. P. 10.1, I conferred with Mr. Letzer, Mr. McKinney, Mr. Bennett, Mr. Crocker, and Ms. Fuchs on the merits of Appellants' Second Verified Motion for Temporary Relief to Protect the Court's Jurisdiction and Brief in Support Thereof, and they oppose the motion.

/s/ S. Shawn Stephens
S. Shawn Stephens

## CERTIFICATE OF SERVICE

I certify that on November 5, 2015, I used the Court's electronic case filing system to file this Second Verified Motion for Temporary Order to Protect the Court's Jurisdiction and Brief in Support Thereof, and to serve this document on counsel for appellees as follows:

William R. Crocker
crockerlaw@earthlink.net
807 Brazos, Ste. 1014
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Kimberly Fuchs
kimberly.fuchs@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellees Michael J. O'Malley and Penny A. Wilkov*

J. Bruce Bennett
jbb.chblaw@sbcglobal.net
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001

Dennis McKinney
dennis.mckinney@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548

32

DMSLIBRARY01:27448620.2

Austin, Texas 78701                    Austin, Texas 78711-2548

*Counsel for Appellees Ricardo*        *Counsel for Appellee John Walker III*
*M. Weitz; Hi Tech Imports*
*North, LLC; Hi Tech Imports,*
*South, LLC; and Hi Tech*
*Imports, LLC*

Joseph W. Letzer
jletzer@burr.com
Dent M. Morton
dmorton@burr.com
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo*
*M. Weitz; Hi Tech Imports*
*North, LLC; Hi Tech Imports,*
*South, LLC; and Hi Tech*
*Imports, LLC*

/s/ S. Shawn Stephens
S. Shawn Stephens

DMSLIBRARY01:27448620.2

# VERIFICATION

STATE OF TEXAS          §

COUNTY OF HARRIS      §

BEFORE ME, the undersigned authority, on this day personally appeared Mark E. Smith, known to me to be the person whose name is subscribed to the foregoing instrument and who upon his oath stated as follows:

1. My name is Mark E. Smith. I am capable of making this affidavit. The facts in this verification are within my personal knowledge and are true and correct.

2. I am one of the lawyers representing Appellants Volkswagen Group of America, Inc. and Audi of America, Inc. in the administrative action and the district court trial proceeding below. I have reviewed this Second Verified Motion for Temporary Relief to Protect the Court's Jurisdiction and Brief in Support There. All the factual statements made in the Motion are within my personal knowledge and are true and correct.

3. Attached hereto as Exhibit "1" is a true and correct copy of an October 20, 2015 letter with attached Executive Summary and Draft Order

DMSLIBRARY01:27437699.1

from David D. Duncan, General Counsel for the Texas Department of Motor Vehicles to counsel for Audi and other counsel concerning the underlying contested case styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC pending before the Texas Department of Motor Vehicles, Motor Vehicle Division.

_____
Mark E. Smith

SUBSCRIBED AND SWORN TO BEFORE ME by Mark E. Smith on this 3rd day of __November__ 2015, to certify which witness my hand of seal of office.



APOLONIA R RAZMDIDEH
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
NOV. 10, 2017

_____
Notary Public, State of Texas

Commission Expires __Nov. 10, 2017__

# EXHIBIT 1

October 20, 2015

**VIA EMAIL**

| | |
|---|---|
| Billy M. Donley | Lloyd E. "Buddy" Ferguson |
| BAKER & HOSTETLER, LLP | STRASBURGER & PRICE, LLP |
| 811 Main, Suite 1100 | 720 Brazos Street, Suite 700 |
| Houston; Texas 77002-6111 | Austin, Texas 78701-3251 |
| Email: bdonley@bakerlaw.com | Email: buddy.ferguson@strasburger.com |

| | |
|---|---|
| William R. Crocker | J. Bruce Bennett |
| ATTORNEY AT LAW | CARDWELL, HART& BENNETT, LLP |
| 807 Brazos, Suite 1014 | 807 Brazos, Suite 1001 |
| Austin, Texas 78701 | Austin, Texas 78701 |
| Email: crockerlaw@earthlink.net | Email: jbb.chblaw@sbcglobal.net |

Re: *Budget Leasing, Inc. et al. v. Volkswagen Group of America, Inc. and Porsche Cars North America, Inc.*, SOAH Docket No. 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.LIC

Messrs. Donley, Crocker, Ferguson and Bennett:

Enclosed please find the TxDMV staff Executive Summary and Draft Order for the referenced matter. The Executive summary contains the staff's recommendation regarding the disposition of the case, which is reflected in the draft order.

The Office of General Counsel invites each party to submit a single response to these materials no later than the close of business on Tuesday October 27, 2015. These responses will be provided to the Board members along with the enclosed staff documents and attachments. Any other written correspondence or argument later submitted by a party will not be provided to the TxDMV Board by the staff prior to or at the Board's consideration of this matter at their scheduled meeting on Friday November 13, 2015.

Please contact me if you have questions.

Sincerely,

David D. Duncan
General Counsel

Cc: Daniel Avitia, Director, Motor Vehicle Division
David Richards, Associate General Counsel

*BUDGET LEASING, INC., D/B/A AUDI NORTH AUSTIN AND AUDI SOUTH AUSTIN, Protestants; RICARDO M. WEITZ; HI TECH IMPORTS NORTH, LLC; HI TECH IMPORTS SOUTH, LLC; AND HI TECH IMPORTS LLC, Intervenors v. VOLKSWAGEN GROUP OF AMERICA, INC. AND PORSCHE CARS NORTH AMERICA, INC., Respondents;*
**MVD Docket No. 13-0008.LIC; SOAH Docket No. 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.LIC**

## EXECUTIVE SUMMARY

### Background

On December 14, 2012, Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin (Budget or Protestants) entered into a Dealer Purchase Contract with Ricardo M. Weitz and his co-buyers (collectively referred to as Intervenors) to purchase the assets of two Audi dealerships, a Porsche dealership, and a Maserati dealership.

On April 16, 2013, Volkswagen Group of America, which includes Audi of America, Inc. (Audi) rejected the proposed transfer. Budget filed a protest to Audi's rejection. Mr. Weitz and the other rejected buyers joined the protest as Intervenors.

The original hearing on the merits before the State Office of Administrative Hearings (SOAH) convened on February 26, 2014, and lasted nine days. The Administrative Law Judges (ALJs) closed the administrative record on May 28, 2014.

The ALJs issued the proposal for decision on July 16, 2014 (original PFD). The ALJs' findings of fact and conclusions of law determined that Intervenors were not qualified and that Audi had valid reasons for rejecting the buy-sell agreement. The ALJs' recommendation further states that Intervenors *would be qualified* if they meet four conditions. [1]

After all parties filed exceptions to the PFD and replies to the Exceptions,[2] the ALJs filed letter responses to the parties' exceptions (exceptions letters) on August 29, 2014, and September 3, 2014.[3]

### September 12, 2014 Board Consideration

On September 12, 2014, the Board voted to dismiss the case for want of jurisdiction because the applicant dealer failed to invoke the statutory protections of Occ. Code §§2301.359-360. Specifically, the Board found that its jurisdiction had not been invoked because Protestant failed

---

[1] See Attachment A, SOAH's July 16, 2014 Proposal for Decision. Specifically, see Finding of Fact Nos. 154-158.
[2] See Attachment B, all parties' exceptions and replies to exceptions to the original PFD.
[3] See Attachment C, the SOAH ALJ's exception letters to the parties' exceptions and replies to exceptions to the original PFD.

to provide a "… written agreement to comply with the franchise…" as required by §2301.359(c)(3).

In response to the Board's order, Protestants and Intervenors filed a motion for rehearing. After due consideration of the motion for rehearing and related documents, the Board issued an order granting the motion for rehearing on December 10, 2014.[4]

**February 13, 2015, Board Consideration**

On February 13, 2015, the Board remanded the case back to SOAH for supplemental proceedings. The following excerpts from the Board's order exclude the original footnotes:

> The Board remands this matter …for supplemental proceedings limited to the following:
>
> Did Audi receive the letter dated April 30, 2013, from Ricardo Weitz to Sally Grimes, and should this letter be added to the record? If so, what effect, if any, does the letter have on the issue of compliance with Tex. Occ. Code §2301.359 in light of the agency's prior decision *in Gordon Rountree Motors, Ltd. v. Mazda Motors of America*, MVD Docket No. 07-0038 LIC?
>
> …
>
> SOAH is also directed to review the qualifying conditions set forth in Findings of Fact Nos. 154-158, Intervenors Motion to Find the Prospective transferees Qualified, and Volkswagen Group of America, Inc. and Audi of America Inc.'s Response to Intervenors' Motion to Find the Prospective Transferees Qualified….SOAH is directed to provide a specific finding that prospective transferees are or are not qualified. [5]

SOAH conducted the remand hearing on April 16 and 17, 2015, and issued the Remand Proposal for Decision (remand PFD)[6] on August 13, 2015.

- ALJs admitted the April 30, 2013, Ricardo Weitz letter to Audi into evidence, determined that Intervenors substantially complied with the notice provisions of Occ. Code §2301.359(c)(3), and that the *Rountree* decision and other case law do not require strict compliance with Occ. Code §2301.359 notice requirements.

---

[4] See Attachment D, the Board's December 10, 2014, Decision and Order Granting Rehearing.

[5] See Attachment E, the Board's Interim Order Remanding the Case to the State Office of Administrative Hearings for Further Proceedings, dated February 13, 2015.

[6] See Attachment F, the Remand Proposal for Decision, dated August 13, 2015.

- The ALJs determined in the remand PFD that Intervenors have met the conditions of Findings of Fact 154-157 (of the original PFD).

- Regarding Finding of Fact No. 158, the ALJs recommended that Intervenors will have met the condition of Finding of Fact No. 158 (of the original PFD) "Once the dealership guaranty of other dealerships provision has been removed."

All parties filed exceptions and replies to exceptions. Protestants and Intervenors argued among other things that the direction to delete the cross guaranty from the transaction amounted to an additional condition to those included in the original PFD and, therefore, is outside of the scope of the remand order. Protestants and Intervenors also argued with the ALJs' findings that the April 30, 2013, letter did not constitute strict compliance with the notice requirements of Occ. Code §2301.359. Regardless of the exception against the ALJs' direction to remove the cross guaranty agreement from the transaction, Protestants and Intervenors also included with their exceptions an affidavit entitled "Declaration of David Rowe," that states that if the Board requires Intervenors to remove the guaranty agreement from the loan documents, "[t]he Guaranty Agreement will be eliminated from the transaction."[7]

Respondents' exceptions included arguments stating that the April 30, 2013, letter did not meet the requirements of Occ. Code §2301.359(c)(3); that the letter was too late; that the ALJs erred by proposing to find Intervenor's qualified *before* the Intervenors take actions to meet the conditions; and that it is improper for the ALJs to give Intervenors an opportunity to present additional evidence after the hearing record was closed and the remand PFD was issued.

After the parties filed exceptions and replies to exceptions (including Respondent's Motion to Strike the Rowe Affidavit), the ALJs filed their exceptions letter.[8] The ALJs' response to the exceptions recommends the Board overrule all parties' exceptions and states that, after reviewing the Declaration of David Rowe on behalf of Ally Bank, the ALJs are satisfied that Finding of Fact 158 of the original PFD is satisfied. Finally, the ALJs recommend revisions to Findings of Fact 90 and 114 of the remand PFD to reflect their recommendations.

---

[7] See Declaration of David Rowe, an attachment to Protestant and Intervenors' Exceptions to the Administrative Law Judges' Remand Proposal for Decision, Attachment G.
[8] See Attachment H, the SOAH ALJ's exceptions letter responding to the parties exceptions and replies to exceptions to the remand PFD.

**Board's Review of a Proposal for Decision**

The Board may change a finding of fact or conclusion of law made by the SOAH ALJ, or may vacate or modify an order issued by the SOAH ALJ, only under the specific restrictions of Tex. Gov. Code §2001.058(e). Section 2001.058(e) reads as follows:

> (e) A state agency may change a finding of fact or conclusion of law made by the administrative law judge, or may vacate or modify an order issued by the administrative judge, only if the agency determines:
>
> > *(1) that the administrative law judge did not properly apply or interpret applicable law, agency rules, written policies provided under Subsection (c), or prior administrative decisions;*
> >
> > *(2) that a prior administrative decision on which the administrative law judge relied is incorrect or should be changed; or*
> >
> > *(3) that a technical error in a finding of fact should be changed.*
>
> The agency shall state in writing the specific reason and legal basis for a change made under this subsection. (*emphasis added*)

**Staff Recommendation[9]**

Staff has reviewed both PFDs, all parties' exceptions and replies, and the ALJs' responses to the exceptions and replies.

The PFDs and the parties' briefing is extensive and numerous contested issues were considered in detail by the SOAH ALJs. Staff believes the ALJs' analyses to be thorough and thoughtful and their recommendations to be reasonable in light of the evidence presented and the applicable law.

Additionally, the Staff finds that Tex. Gov. Code §2001.058(e) modification justifications are not present in this case.

Staff recommends the Board issue an order that incorporates the original PFD and the remand PFD, including the Findings of Fact and Conclusions of Law and the associated exceptions letters, and finds the Intervenors qualified. [10]

---

[9] This Executive Summary and the attached Order were shared with all parties on October 20, 2015. The parties were invited to file responses to the staff's recommendation no later than October 27, 2015. All parties' responses are provided in Attachment I.

[10] See attachment J, Staff's recommended Final Order.

**Documents**

The following documents are attached to this executive summary for consideration by the Board:

- Attachment A:  The original Proposal for Decision, dated July 16, 2014

- Attachment B:  All parties exceptions and replies to exceptions to the Original PFD

- Attachment C:  The SOAH ALJ's exception letters to the parties' exceptions and replies to exceptions to the Original PFD

- Attachment D:  The TxDMV Board's Decision and Order Granting Rehearing, dated December 10, 2014

- Attachment E:  The TxDMV Board's Interim Order Remanding the Case to the State Office of Administrative Hearings for Further Proceedings, dated February 13, 2015

- Attachment F:  The Remand Proposal for Decision, dated August 13, 2015

- Attachment G:  All parties exceptions and replies to exceptions to the remand PFD

- Attachment H:  The SOAH ALJ's exception letter to the parties exceptions and replies to exceptions to the remand PFD

- Attachment I:  All parties' responses to the Staff's Executive Summary and draft order

- Attachment J: Staff's recommended Final Order

# BOARD OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES

Budget Leasing, Inc., d/b/a Audi §
North Austin and Audi South Austin, §
Protestants, and Ricardo M. Weitz, Hi Tech §
Imports North, LLC, Hi Tech Imports South, §
LLC, Hi Tech Imports LLC, Intervenors §
§
§
§ **MVD DOCKET NO. 13-0008.LIC**
v. § **SOAH DOCKET NO. 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.LIC**
§
Volkswagen Group of America, Inc. and §
Porsche Cars North America, Inc., §
Respondents §

## FINAL ORDER FINDING INTERVENORS QUALIFED

The above referenced matter came before the Board of the Texas Department of Motor Vehicles in the form of a Proposal for Decision (PFD) and a Remand Proposal for Decision (RPFD) from the State Office of Administrative Hearings (SOAH). The Board, having considered the evidence; arguments; Findings of Fact and Conclusions of Law presented in the PFD and RPFD; the parties' Exceptions and Replies; and the SOAH Judges' response to the parties' Exceptions and Replies, enters this Final Order:

**IT IS ORDERED:**

1. that the PFD, RPFD, and the SOAH Judges' response to the parties' Exceptions and Replies filed in this proceeding, including the Findings of Fact and Conclusions of Law are incorporated herein;
2. that the prospective transferees are qualified in all regards;
3. that Motor Vehicle Division staff resume processing the underlying application;
4. that the Protestant's franchise agreements are amended to reflect a change in franchisee from Protestant to Intervenors; and
5. that Respondents shall accept the transfer for all purposes.

Date: _____

_____
Laura Ryan, Board Chairman
Texas Department of Motor Vehicles

ATTESTED:

_____
Daniel Avitia, Director
Motor Vehicle Division
Texas Department of Motor Vehicles